AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Zachary Michael Clay<br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No. 26mj901<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 26, 2026__ in the county of __Luna__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113(a) | Attempted Bank Robbery |

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lilly Aldana, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence. *via telephone.*

Date: 2/27/2026

_____
*Judge's signature*

City and state: Las Cruces, New Mexico     Hon. Gregory J. Fouratt, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lilly Aldana, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state that there is probable cause to find that Zachary Michael Clay (CLAY) violated Title 18 U.S.C. § 2113(a), Attempted Bank Robbery, as follows:

> On or about February 26, 2026, in Luna County, in the District of New Mexico, CLAY, by force, violence, and intimidation, attempted to take from the person and presence of another a sum of U.S. currency belonging to and in the care, custody, control, management and possession of First New Mexico Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

In violation of 18 U.S.C. §§ 2113(a).

### Relevant Statute

1. Under 18 U.S.C. § 2113(a), "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association" may be fined and imprisoned for up to twenty years. A defendant is guilty of attempted bank robbery under this statute if:

> (a) the defendant attempted to take from a person, or the presence of a person, money;
>
> (b) the money belonged to or was in the possession of a federally insured bank at the time of the taking; and
>
> (c) the defendant attempted to take the money by means of force and violence or by intimidation.

*See* Criminal Pattern Jury Instructions (10th Cir. 2021), § 2.77 (Bank Robbery – 18 U.S.C. § 2113); 18 U.S.C. § 2113(a).

**Probable Cause**

1. On February 26, 2026, at approximately 9:00 a.m., an attempted bank robbery occurred at the First New Mexico Bank at 300 S. Gold Avenue, Deming, New Mexico. This bank has video footage that shows the bank robbery suspect, later arrested and identified as CLAY, as he was attempting to rob the bank:




2. At approximately 9:00 a.m., CLAY entered this First New Mexico Bank, a bank that has its deposits insured by the Federal Deposit Insurance Corporation. CLAY entered the bank wearing red hoodie—and with a hatchet around his waist. Immediately upon entering the bank, he walked directly to a teller (Victim 1) and handed Victim 1 a note without saying anything. This note instructed Victim 1 to "Real fast the money in large bills and hand them over. And don't trip the alarm":



3.  In response, Victim 1 instructed CLAY to wait for his money. Victim 1 then walked towards the back of the bank, pretending to go to the vault. Victim 1 then informed another bank employee about the robbery that was taking place. While the other bank employee was calling 911, CLAY continued to wait for Victim 1 to return. As CLAY was waiting, he saw another teller (Victim 2) become available, so he approached Victim 2 and handed Victim 2 the same note.

4.  In response, Victim 2 also instructed CLAY to wait because Victim 1 was already assisting CLAY. CLAY then showed Victim 2 the hatchet on his waist:



Victim 2 then decided to leave CLAY and went towards the back of the bank for help. CLAY then walked towards the front of the bank and entered the office of the bank's Assistant Vice President (Victim 3).

5.  Victim 3 was on a telephone call when CLAY came to the office door. Victim 3 instructed CLAY to wait because Victim 3 was in the middle of a call. CLAY then asked Victim 3

if there was any money in that office. While Victim 3 continued talking on the phone, CLAY showed Victim 3 the hatchet around his waist. At that point, Victim 3 realized that CLAY was robbing the bank and told the person in the other line of the phone call that CLAY had a hatchet. Shortly afterwards, CLAY heard police sirens and decided to walk out of the bank before he was able to obtain any of the bank's money. The Luna County Sheriff's Office then arrested CLAY as he was walking out of the bank.

6. In a post-Miranda interview, CLAY admitted that he robbed the bank because he needed the money in order to pay someone money that he owes. 1st New Mexico bank confirmed that CLAY did not have an existing account with the bank.

### Conclusion

7. Probable cause exists to believe that CLAY, violated 18 U.S.C. § 2113(a) by attempting to rob the First New Mexico Bank in Deming, New Mexico, on February 26, 2026. Assistant United States Attorney Grant Gardner reviewed the charges filed in this criminal complaint.

Respectfully submitted,

Lilly Aldana
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on 27th February 27, 2026.

Honorable Gregory J. Fouratt
UNITED STATES MAGISTRATE JUDGE